UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-81053-MARRA

AMY KODSI, an individual

      Plaintiff,

vs.

BRANCH BANKING AND TRUST COMPANY,
a North Carolina banking corporation,

      Defendant.

_____/

## ORDER AND OPINION ON DEFENDANT'S MOTION TO DISMISS COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Branch Banking and Trust Company's ("Defendant") Motion to Dismiss Amy Kodsi's ("Plaintiff") Complaint With Prejudice [DE 4]. Plaintiff's claims arise from Defendant's alleged improper use of the legal system against her to collect a debt owed by her husband. Defendant asserts the affirmative defense that those efforts fall within the scope of the "litigation privilege," among other arguments. Consequently, Defendant asserts that under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") the Complaint fails to state a claim upon which relief can be granted. The Court has carefully considered all relevant documents, including the motion, response, and reply, the parties' responses to the Court's Inquiry [DE Nos. 27 & 28], all relevant law, and is otherwise fully advised in the premises.

## I. Introduction

The facts as pled in the Complaint have already been set out in detail in the "Order Staying Case Pending Ruling by the Florida Supreme Court" [DE 23] and is incorporated by reference and not repeated here. In brief, Plaintiff's husband owed a debt to Defendant and

1

Defendant went to great lengths to collect the debt. Those efforts included freezing a bank account belonging solely to Plaintiff allegedly without legal justification. The damage Plaintiff experienced from those efforts to collect the debt forms the basis of her claims.

As a result of the damage Plaintiff experienced, she raises claims for: (I) wrongful garnishment; (II) malicious prosecution; (III) abuse of process; and (IV) intentional interference with business advantage [DE 1]. Defendant moves to dismiss all four counts based primarily on the affirmative defense that its efforts to collect the debt were protected by the litigation privilege. Defendant also argues that Counts I and II should be dismissed based on the affirmative defense of "advice of counsel." Defendant further argues Counts I and II should be dismissed because they are based on "misplaced legal conclusions." Finally, Defendant seeks to have Plaintiff's prospective claim for punitive damages dismissed or stricken until the Court has first determined whether a factual basis exists to support such a claim.

The parties fully briefed the issues and a hearing took place. The Court issued an order staying the case until resolution of *Fischer v. Debrincat*, 169 So. 3d 1204 (Fla. Dist. Ct. App. 2015). The Florida Supreme Court granted review (SC15-1477, 2015 WL 5917884 (Fla. 2015)) because a split had developed between the Third and Fourth District Courts of Appeal with regard to the scope of the litigation privilege.[1] The Third District had found the litigation privilege extended to claims for malicious prosecution. *Wolfe v. Foreman*, 128 So. 3d 67 (Fla.

---

[1] In *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 607 (Fla. 1994) ("*Levin*") "the Florida Supreme Court concluded that the litigation privilege precluded all tort claims based on a party's conduct during the course of litigation, holding that 'any act occurring during the course of a judicial proceeding' is entitled to absolute immunity 'so long as the act has some relation to the proceeding.'" *Green Leaf Nursery*, 341 F.3d at 1302 (quoting *Levin*, 639 So.2d at 608). In *Debrincat*, the Florida Supreme Court clarified that the issue is where to draw the line between the competing interests of freedom from malicious conduct and the ability to fully access the courts, with Florida law deferring to pre-existing torts that would be eviscerated by extending the litigation privilege further. *Debrincat*, 217 So.3d at 70.

Dist. Ct. App. 2013); while the Fourth District in *Fischer v. Debrincat* did not. Because the applicability of the litigation privilege was directly at issue in this case, the Court stayed this matter until the Florida Supreme Court could resolve the issue.

On February 9, 2017, the Florida Supreme Court resolved the conflict between the District Courts of Appeal in *Debrincat v. Fischer*, 217 So.3d 68 ("*Debrincat*"), *reh'g denied*, SC15-1477, 2017 WL 1713895 (May 3, 2017). The Florida Supreme Court found the litigation privilege did not extend to a claim for malicious prosecution because to do so "would eviscerate th[e] long-establish cause of action for malicious prosecution." *Id*. at 70. The decision left no doubt that the privilege did not extend to Count II of Plaintiff's complaint. The decision did not expressly discuss how and to what extent the privilege should apply to the other three causes of action; all of which Defendant claimed were precluded by the privilege.

The Court issued an "Inquiry" to the parties informing them of the *Debrincat* decision and asking them "if they contend that the three remaining claims (other than the claim for malicious prosecution) are barred by the litigation privilege and the reasons for their positions" [DE 24]. The parties responded and Defendant's Motion to Dismiss is now ripe for adjudication.

## II. <u>Failure to State a Claim Standard</u>

Under Rule 12(b)(6), a defendant may seek to have a claim dismissed when the Complaint "fail[s] to state a claim upon which relief can be granted". The requirements of Rule 12(b)(6) are intertwined with Fed. R. Civ. P. 8(a) ("Rule 8(a)"), which only requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires

3

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

This Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff when ruling on a motion to dismiss. *Jackson v. BellSouth Telecomms*., 372 F.3d 1250, 1262 (11th Cir. 2004) ("*Jackson*"). "[T]he threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is 'exceedingly low.'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003) (quoting *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir.1995)).

Defendant does not challenge the factual or legal sufficiently of the complaint per se but rather relies on affirmative defenses as the basis of its motion to dismiss. "[N]ormally an affirmative defense cannot be decided at the motion to dismiss stage." *Perlman v. Wells Fargo Bank, N.A.*, 559 F. App'x 988, 994 (11th Cir. 2014). However, "Florida courts have also made it abundantly clear that any affirmative defense, including the litigation privilege, may be considered in resolving a motion to dismiss when 'the complaint affirmatively and clearly shows

the conclusive applicability' of the defense to bar the action." *Jackson*, 372 F.3d at 1277

(quoting *Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988).

## III. <u>Litigation Privilege</u>

"Florida's litigation privilege affords absolute immunity for acts occurring during the

course of judicial proceedings." *Jackson,* 372 F.3d at 1274-75. The privilege initially developed

to protect litigants and attorneys from liability for acts of defamation, but has since been

extended to cover all acts related to and occurring within judicial proceedings. *Jackson*, 372

F.3d at 1274-75 (citing *Levin*, 639 So.2d at 607–08); *Echevarria, McCalla, Raymer, Barrett &*

*Frappier v. Cole,* 950 So.2d 380, 384 (Fla. 2007) (holding Florida law provides complete

judicial immunity "to any act occurring during the course of a judicial proceeding ... so long as

the act has some relation to the proceeding.").

In *Levin,* the Florida Supreme Court explained the scope and rationale of the privilege:

> [A]bsolute immunity must be afforded to any act occurring during
> the course of a judicial proceeding, regardless of whether the act
> involves a defamatory statement or other tortious behavior ... so
> long as the act has some relation to the proceeding. The rationale
> behind the immunity afforded to defamatory statements is equally
> applicable to other misconduct occurring during the course of a
> judicial proceeding. Just as participants in litigation must be free to
> engage in unhindered communication, so too must those
> participants be free to use their best judgment in prosecuting or
> defending a lawsuit without fear of having to defend their actions
> in a subsequent civil action for misconduct.

639 So.2d at 608. Because this Court is *Erie*[2]-bound to apply Florida law in evaluating

the plaintiff's state-law claims, Florida's litigation privilege applies to state-law claims

adjudicated in federal court. *Zucker for BankUnited Fin. Corp. v. U.S. Specialty Ins. Co.*, 856

F.3d 1343, 1349 (11th Cir. 2017). Florida courts have made it clear that any affirmative defense,

including the litigation privilege, may be considered in resolving a motion to dismiss when "'the

---

[2] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

complaint affirmatively and clearly shows the conclusive applicability' of the defense to bar the action." *Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988) (quoting *Evans v. Parker*, 440 So.2d 640, 641 (Fla. Dist. Ct. App. 1983)); *Jackson*, 372 F.3d at 1277.

## A. Count I – Wrongful Garnishment

The parties agree that "[u]nder Florida law, the tort of wrongful garnishment has the same elements as the tort of malicious prosecution." *Barniv v. BankTrust*, 579 F. App'x 719, 720 (11th Cir. 2014). The parties also agree that the reasoning of *Debrincat* leads to the conclusion that the litigation privilege does not apply to claims for wrongful garnishment. Since the parties are in agreement, Defendant's motion to dismiss Count I for wrongful garnishment based on the litigation privilege is denied.

## B. Count II – Malicious Prosecution

The Court stayed this case pending the *Debrincat* decision, which held that "the litigation privilege does not act as a bar to a malicious prosecution claim." *Debrincat,* 217 So.3d at 70. The Court must, consequently, deny Defendant's motion to dismiss Count II for malicious prosecution based on the affirmative defense of the litigation privilege.

## C. Count III – Abuse of Process

Abuse of process involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed. *Cline v. Flagler Sales Corp.*, 207 So. 2d 709, 711 (Fla. Dist. Ct. 1968). To state a claim for abuse of process under Florida law, a plaintiff must allege (1) willful and intentional misuse of process for some wrongful or unlawful object, or collateral purpose, and (2) that the act or acts constituting the misuse

*occurred after the process issued.* *Miami Herald Pub. Co., Div. of Knight-Ridder v. Ferre*, 636

F. Supp. 970, 974-75 (S.D. Fla. 1985); *Aulicino v. McBride*, 2017 WL 1113475, at *3 (M.D. Fla.

2017); *Blue Dolphin, Inc. v. United States*, 666 F.Supp. 1538, 1541 (S.D. Fla. 1987) (to sustain

an abuse of process claim, "there must be some allegation that after suit has been legally filed,

the process of the Court had been improperly used"); *see also Steinhilber v. Lamoree*, 825

F.Supp. 1003, 1006 (S.D. Fla. 1992).

Count III asserts wrongs that occurred both as a result of the issuance of process, and the

improper use of process after it issued. As far as the issuance of the "First Premature Writ

and/or Second Premature Writ and the filing of the Frivolous Complaint," those claims are more

properly addressed under Counts I and II, wrongful garnishment and malicious prosecution, and

they are not subject to the litigation privilege. As far as the allegations that BB&T made

improper use of process after it issued, those allegations are properly considered as claims for

abuse of process.[3] *See* Compl. ¶ 83.

Defendant moves to dismiss this count arguing it is barred by the absolute immunity

provided by Florida's litigation privilege. Plaintiff responds that the same reasoning the Florida

Supreme Court applied in *Debrincat* to find that a claim for malicious prosecution is not barred

by the litigation privilege should apply to a claim for abuse of process, because if the privilege

was applied, "it would eviscerate this long established cause of action." DE 28 at 4. The Court

is not convinced. *See, e.g., LatAm Investments, LLC v. Holland & Knight, LLP*, 88 So.3d 240,

---

[3]  The difference between the torts of malicious prosecution and abuse of process is that the tort of malicious
prosecution is concerned with maliciously causing process to issue, whereas the tort of abuse of process is concerned
with the improper use of process after it issues. *Yoder v. Adriatico*, 459 So.2d 449, 450 (Fla. Dist. Ct. App. 1984)
citing *Nash v. Walker*, 78 So.2d 685 (Fla. 1955); *Cazares v. Church of Scientology of California, Inc.*, 444 So.2d
442 (Fla. Dist. Ct. App. 1983); *Peckins v. Kaye*, 443 So.2d 1025 (Fla. Dist. Ct. App. 1983); *McMurray v. U-Haul
Co.*, 425 So.2d 1208 (Fla. Dist. Ct. App. 1983).

243 (Fla. Dist. Ct. App. 2011) ("the application of the litigation privilege to a cause of action for abuse of process does not eliminate that cause of action").

A claimant may still pursue a claim for an abuse of process when the claim is based on actions taken outside of a judicial proceeding or on actions that are taken during a judicial proceeding but which are unrelated to the judicial proceeding. *LatAm Investments*, 88 So.3d at 243, *citing Olson v. Johnson*, 961 So.2d 356 (Fla. Dist. Ct. App. 2007); *Montejo v. Martin Mem'l Med. Ctr., Inc*., 935 So.2d 1266 (Fla. Dist. Ct. App. 2006). In addition, in contrast to a claim for malicious prosecution,[4] a claim for abuse of process may be brought as a counterclaim in the main action. *Blue v. Weinstein*, 381 So.2d 308, 310-311 (Fla. Dist. Ct. App. 1980). Therefore, the Court rejects Plaintiff's argument that an abuse of process claim would be eviscerated if it was barred by the litigation privilege.

As far as the alleged acts that are properly asserted under a claim for Abuse of Process (BB&T's continued pursuit of its case as to the 8070 Account, the Investment Funds, and the women's jewelry in the safe deposit box), they must be dismissed as barred by the litigation privilege. Defendant's pursuit of its case clearly occurred during the course of a judicial proceeding that had some relation to the instant proceeding. *See Levin*, 639 So. 2d at 608. Accordingly, the Motion to Dismiss is granted in that the allegations in Count III that are properly brought under an abuse of process theory are dismissed with prejudice due to the application of the litigation privilege.

---

[4] Malicious prosecution claims cannot be brought in a counterclaim in the original proceeding. *See Yoder v. Adriatico*, 459 So.2d 449, 451 (Fla. Dist. Ct. App. 1984)*.*

## D. <u>Count IV - Intentional Interference With Business Advantage</u>

In this final count, Plaintiff alleges that Defendant "intentionally and unjustifiably interfered with Plaintiff's business relationship with Bank of America, N.A. ("BOA") by, among other things, causing premature writs of garnishment to be issued, as well as threatening and intimidating BOA to the point where it refused to comply with its obligation to disburse the Investment Funds to Plaintiff as required (even in the face of applicable court orders)." Compl. ¶ 89. This claim alleges two acts of interference: (1) issuance of premature writs of garnishment, and (2) maliciously threatening and intimidating BOA to not comply with its obligation to disburse to Plaintiff her Funds.

As mentioned earlier, the parties have agreed that the wrongful writ of garnishment allegations are not barred by the litigation privilege. The litigation privilege also does not bar the second basis asserted to support this claim. Not all statements made outside of the formal judicial process are subject to an absolute privilege. *Fridovich v. Fridovich,* 598 So.2d 65 (Fla. 1992). The rationale for the litigation privilege weakens the further away from formal court proceedings the complained of conduct takes place. *DelMonico v. Traynor,* 116 So.3d 1205, 1214 (Fla. 2013) ("*DelMonico*"). As *DelMonico* explained "[i]n these more formalized judicial settings, the presence of safeguards facilitates and promotes an unimpeded speaking environment while protecting an individual from false or malicious statements for several reasons;" while statements made outside the watchful eye of a court are more problematic. *Id*. at 1217. The focus of inquiry must be "whether the statement was made 'in connection with' or 'in the course of' an existing judicial proceeding." *Stucchio v. Tincher*, 726 So.2d 372, 374 (Fla. Dist. Ct. App. 1999). In this case, the alleged out of court threat to BOA was not made in connection with or in the course of an existing judicial proceeding, so the claim of intentional

interference with business advantage based on Defendant's alleged threats to BOA will not be dismissed.

## IV.  Additional Arguments

### I.  Affirmative Defense of Advice of Counsel

Defendant seeks the dismissal of Count I (wrongful garnishment) and Count II (malicious prosecution) based on the affirmative defense of "advice of counsel."  Inherent to the defense is that defendant acted in good faith in the underlying proceedings.  *Toomey v. Tolin*, 311 So. 2d 678, 681 (Fla. Dist. Ct. App. 1975).  Plaintiff has made numerous allegations that Defendant did not act in good faith in the underlying collection action.  Compl. ¶¶ 32, 39, 44, 52, 67, 75.  A Rule 12(b)(6) motion to dismiss is not the proper procedural device to probe the truthfulness of Plaintiff's factual allegations, and assertion of the affirmative defense of advice of counsel is rejected at this stage of the proceedings.

### II.  Probable Cause

Defendant seeks dismissal of Count I (wrongful garnishment) and Count II (malicious prosecution) arguing Plaintiff's allegations regarding Defendant's purported lack of probable cause are based on misplaced legal conclusions and are therefore immaterial.   The Court does not agree.  First, Defendant contends that because a presumption arises from the issuance of a writ of garnishment that there was probable cause for the issuance of same, Count II (wrongful garnishment) must be dismissed.  The Court agrees with Plaintiff's response that if this argument was correct, then there would be no cause of action for wrongful garnishment as the issuance of writ of garnishment is a necessary element of a claim for wrongful garnishment.  Moreover, the

presumption that a writ of garnishment was issued with probable cause is a rebuttable presumption, which is rebutted by a showing that the writ was obtained by improper means. *Barniv v. BankTrust*, 579 F.App'x 719, 721 (11th Cir. 2014) (recognizing that the presumption may be rebutted by a showing that the writ was obtained by fraud, perjury, or other corrupt means).

In this case, Plaintiff alleges that writs of garnishment were improperly and prematurely obtained and thereafter, pursued when Defendant knew or should have known that it had no right to do either. In particular, even after knowing that the funds which Defendant was seeking to garnish did not belong to the judgment-debtor and in fact belonged to Plaintiff, Defendant continued to seek the garnishment of same. When viewed in the light most favorable to Plaintiff, the facts alleged and reasonable inferences derived therefrom clearly rebut any presumption of probable cause. *Id*.

Moreover, Defendant's motion to dismiss only takes issue with whether probable cause existed to commence the action; it remains silent as to whether probable cause continued to exist throughout the underlying proceeding. Plaintiff asserts Defendant acted tortuously in continuing with the collection action against her when it became apparent it had no claim upon her assets. Whether probable cause continued to exist throughout the underlying proceedings remains a question of fact. Defendant's motion to dismiss based on the argument that Plaintiff's allegations regarding probable cause are based on misplaced legal conclusions is denied.

### III. Claim for Punitive Damages

In the Complaint, Plaintiff "requests that this Court reserve the right to award punitive damages in accordance with § 768.72, Fla. Stat." DE 1 at 19. Defendant seeks to have

Plaintiff's punitive damage "claim" stricken pursuant to Federal Rule of Civil Procedure 12(f) because a "trial court is directed not to permit such a pleading until the court has first determined whether a factual basis exists to support a claim for punitive damages." *Kraft Gen. Foods, Inc. v. Rosenblum*, 635 So. 2d 106, 110 (Fla. Dist. Ct. App. 1994).

Section 768.72 requires leave of court before pleading a request for punitive damages. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). However, the Eleventh Circuit has held that the pleading rules set forth in Federal Rule of Civil Procedure 8(a)(3) preempt § 768.72's requirement that a plaintiff must obtain leave from the court before including a prayer for punitive damages. *Id.; Porter v. Ogden, Newell & Welch,* 241 F.3d 1334, 1340 (11th Cir. 2001). Moreover, Plaintiff does not assert a claim for punitive damages, she merely "reserves" the right to raise such a claim. For these reasons the Court denies Defendant's motion to strike.

In addition, in the "Wherefore" paragraph, Plaintiff seeks compensatory damages, prejudgment interest, post-judgment interest, attorneys' fees, and costs. Defendant seeks dismissal, pursuant to Federal Rule of Civil Procedure 9(g) ("Rule 9(g)"), of Plaintiffs' claims for these "special damages,"[5] contending that Plaintiff has failed to identify any basis for attorneys' fees, costs and prejudgment interest. Rule 9(g) requires that: "[i]f an item of special damages is claimed, it must be specifically stated." "The primary purpose of Rule 9(g)[, however,] is one of notice, both to 'inform defending parties as to the nature of the damages claimed in order to avoid surprise; and to inform the court of the substance of the complaint.'"

---

[5] "Special damages are those that do not necessarily result from the wrong or breach of contract complained of, or which the law does not imply as a result of that injury . . ." *Land Title of Central Fla. LLC v. Jimenez*, 946 So.2d 90, 93 (Fla. Dist. Ct. App. 2006). Lost profits generally are considered special damages under Florida law. *Safeco Title Insurance Co. v. Reynolds*, 452 So.2d 45, 48 n.5 (Fla. Dist. Ct. App. 1984) citing *Arcade Steam Laundry v. Bass*, 159 So.2d 915 (Fla. Dist. Ct. App. 1964); *Mancil's Tractor Service, Inc. v. T&iK Construction, LLC*, 2016 WL 7486707, at *2 (S.D. Fla. 2016).

*Landsman v. City of Vero Beach,* 2015 WL 10960951, at *2 (S.D. Fla. 2015) citing *Great Am.*

*Indem. Co. v. Brown,* 307 F.2d 306, 308 (5th Cir. 1962).  Plaintiff asserts plausible grounds for

these damages in her response to the motion to dismiss, and Plaintiff's entitlement to such

damages will be addressed at a more appropriate time.  Accordingly, none of Plaintiff's damage

claims will be stricken or dismissed at this time.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the stay of this case is lifted and this matter is

**reopened**.  Defendant's Motion to Dismiss is granted in part and denied in part as elaborated

upon above.  Defendant shall file an Answer to the Complaint on or before March 2, 2018.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida

this 12th day of February, 2018.

KENNETH A. MARRA

UNITED STATES DISTRICT JUDGE